FILED _____ ENTERED
_____ LOGGED _____ RECEIVED

JUL 2 2 2010

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TIBEBE SAMUEL

    Plaintiff

ANN M. PALMER, et al.

    Defendants

Civil No. **PJM 09-3141**

## MEMORANDUM OPINION

Tibebe Samuel, proceeding *pro se*, has sued Ann M. Palmer, Director of the Office of the United States Citizenship and Immigration Services ("USCIS") in Arlington, Virginia, and the USCIS (collectively the "Arlington Asylum Office"), alleging that Defendants improperly barred him from providing translation and interpretation services in 2001.

Defendants have filed a Motion to Dismiss, arguing that, although it is unclear under which cause of action Samuel purports to sue, all of Samuel's claims are barred under the applicable statutes of limitations or fail to exhaust the requisite administrative remedies.

Having considered Defendants' Motion to Dismiss and Samuel's response thereto, the Motion to Dismiss [Paper No. 7] is **GRANTED**.

### I.

Samuel, who is Ethiopian in origin and a native of Asmara, has owned and operated a translation and interpretation business since 1986. Until 2001, he claims that he derived most of his income from interpretation and translation services he provided on behalf of aliens seeking benefits from the Arlington Asylum Office.

1

In August of 2001, Samuel claims that he wrote a complaint to the Asylum Office and also to Eliza Lins, an asylum officer, alleging that Lins was denying asylum applications by reason of prejudice against Eritreans and Ethiopians. He allegedly asked Lins to reconsider her decisions on asylum applications and to take corrective measures. After filing the complaint with the Arlington Asylum Office, Samuel alleges he was retaliated against when the Office barred him from continuing to offer his translation and interpretation services there. He also claims that he was wrongly accused of intimidating Lins. As a result, Samuel alleges that his business reputation in the community has been destroyed and that he has suffered significant financial and emotional distress.

On November 23, 2009, Samuel filed his Complaint with this Court. Although he did not separate his Complaint into counts and his Complaint is fairly rife with confusion, the Court has generously construed his Complaint to allege a 42 U.S.C. § 1983 claim, a claim for tortious interference with business, and retaliation.

## II.

A motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6) challenges the legal sufficiency of a complaint. *Frances v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). To survive a Rule 12(b)(6) motion, the complaint must contain sufficient factual allegations "to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). When ruling on a Rule 12(b)(6) motion, the court must accept all factual allegations contained in the complaint as true, *Francis*, 588 F.3d at 192, and must construe the factual

allegations in the light most favorable to the plaintiff, *Smith v. Smith*, 589 F.3d 736, 738 (4th Cir. 2009) (quotation marks and citation omitted). However, "the tenet that a court must accept as true all of the allegations to the complaint is inapplicable to legal conclusions." *Iqbal*, 129 S. Ct. at 1949.

### III.

A motion to dismiss based on lack of subject matter jurisdiction challenges the court's authority to hear and decide a case, pursuant to Federal Rule of Civil Procedure 12(b)(1). *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). The court "generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction)." *Sinochem Int'l Co. Ltd. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007) (citing *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 93-102 (1998)). If subject matter jurisdiction is challenged, the plaintiff bears the burden of persuasion. *Davis*, 367 F. Supp. 2d at 792 (quoting *Williams v. United States*, 50 F.3d 299, 304 (4th Cir.1995)).

Moreover, the requirement that a plaintiff establish subject matter jurisdiction as a "threshold matter" is "inflexible and without exception." *Steel Co.*, 523 U.S. at 94-95 (internal quotations omitted). When ruling on a 12(b)(1) motion, the court "may look beyond the pleadings" at whatever evidence has been submitted in order to determine if subject matter jurisdiction exists. *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003). "[W]here a claim fails to allege facts upon which a court may base jurisdiction," a court may properly grant a motion to dismiss for lack of subject matter jurisdiction. *Davis*, 367 F. Supp. 2d at 799 (citing *Crosten v. Kamauf*, 932 F. Supp. 676, 679 (D. Md. 1996)).

3

## IV.

### A.

Samuel first claims that his civil rights were violated under 42 U.S.C. § 1983. Because Anne Palmer, the individually named Defendant, is a federal official, and the USCIS is a federal agency, the Court will construe this claim as a *Bivens*[1] action, which serves as an analog to suits brought against state officials under § 1983. *Hartman v. Moore*, 547 U.S. 250, 255 (2006). *Bivens* holds that "the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right." *Hartman*, 547 U.S. at 255 (quoting *Carlson v. Green*, 446 U.S. 14, 18 (1980)). As *Bivens* actions do not have an express limit period, claims filed pursuant to *Bivens* are subject to the analogous state statute of limitations. *Blanck v. McKeen*, 707 F.2d 817, 819 (4th Cir. 1983). Samuel's allegations concern conduct at the asylum office in Arlington, Virginia. Accordingly, his claims must be brought "within two years after the cause of action accrues," as required by the Virginia Code. Va. Code Ann. § 8.01-243(A). Although the Virginia statute of limitations applies here, federal law determines the date an action accrues. *Gould v. U.S. Dep't of Health and Human Servs.*, 905 F.2d 738, 742 (4th Cir. 1990). The Federal Tort Claims Act ("FTCA") provides that "a tort claim accrues at the time of the plaintiff's injury," or, alternatively, when plaintiff knows or should have known both the existence and cause of the injury. *Id.*

Here, Samuel knew about his alleged injury in August 2001, when he claims that the Arlington Asylum Office barred him from doing any translation or interpretation business in that Office. Samuel also admits that he knew of the alleged wrongful conduct "in or about December 2001" when he alleges that the Arlington Asylum Office sent an email informing employees that

---

[1] *Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

4

he was no longer allowed to enter the Office. Samuel did not file his Complaint with this Court until November 23, 2009, more than six years beyond the two-year statute of limitations period.

Accordingly, to the extent Samuel pled a *Bivens* claim, that claim is dismissed as untimely.

**B.**

Samuel's Complaint also alleges that "the defendant's action has also continued to damage and injure plaintiff's business." The Court has generously construed this aspect of Samuel's Complaint as alleging tortious interference with business. Again, because Defendant Palmer is a federal employee and Defendant USCIS is a federal agency, the claim must be analyzed under the Federal Tort Claims Act ("FTCA").

Before filing an action in federal court under the FTCA, "[p]laintiffs must meet certain prerequisites." *Logan v. United States*, 851 F. Supp. 704, 706-07 (D. Md. 1994). The claimant must first present the claim to the appropriate Federal agency and have been finally denied by that agency. *See* 28 U.S.C. § 2675(a). "A key jurisdictional prerequisite to filing suit under the FTCA involves the presentation of an administrative claim to the government within two years of the incident." *Kokotis v. United States Postal Service*, 222 F.3d 275, 278 (4th Cir. 2000) (citing 28 U.S.C. § 2401(b)(1994)). A claim is considered to be "properly presented" when the government receives a completed SF 95 or other written notification of the incident and a claim for money damages in a sum certain for the injury. *Kokotis*, 222 F.3d at 278 (citing 28 C.F.R. § 14.2(a) (1999)). The claimant is considered to have met the burden of properly presenting a claim if the notice is sufficient to enable the agency to investigate the claim. *See Ahmed v. United States*, 30 F.3d 514, 516-17 (4th Cir. 1994). A plaintiff bears the burden of proving compliance with the administrative requirements. *Logan*, 851 F. Supp. at 707. Furthermore,

"the requirement of filing an administrative claim is jurisdictional and may not be waived." *Kokotis*, 222 F.3d at 278 (quoting *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir. 1986)). A tort claim against the United States is "forever barred" unless properly presented within two years after the claim accrues. 28 U.S.C. § 2401(b). This two-year statute of limitations operates as a jurisdictional prerequisite to suit under the FTCA. *See Kokotis*, 222 F.3d at 278.

Samuel has failed to meet his burden of establishing compliance with the administrative requirements of the FTCA because he has failed to establish that he exhausted his administrative remedies by properly presenting an official claim with the appropriate Federal agency. *See Logan*, 851 F. Supp. at 707; *see also Ahmed*, 30 F.3d at 516. Here, the appropriate federal agency is the USCIS. On December 10, 2002, Samuel did write a letter to a Ms. Belvedere, Director of the Arlington Office of the USCIS, requesting an administrative hearing. But even if this letter can be considered sufficient notice to "enable the agency to investigate," fulfilling the first requirement of 28 C.F.R. § 14.2(a), Samuel did not fulfill the second requirement of placing a sum certain value on his claim because the letter does not mention any sum of money. *Ahmed*, 30 F.3d at 516-17 ("Section 2675(a) of Title 28 and 28 C.F.R. § 14.2(a) require two elements for sufficient presentment of a claim to an agency: 1) written notice sufficient to cause the agency to investigate, and 2) a sum-certain value on the claim.")

The sum certain requirement "is one of substantial importance, and even courts liberally construing the presentment requirement under the FTCA require that the claimant place a certain value on the claim." *Ahmed*, 30 F.3d at 516-17; *see also Williams v. United States*, 693 F.2d 555, 557 (5th Cir. 1982). Samuel's subsequent letters to Belvedere dated January 19, 2004 and to Palmer dated August 12, 2009 also fail to mention a sum certain, but in any case come well beyond the two-year limitations period, considering the August 2001 date of injury. Samuel's failure to present a valuation for his claim means that he did not present his claim and,

6

consequently, as required by the Federal Tort Claims Act, he did not exhaust his administrative remedies. *See Ahmed*, 30 F.3d at 518. "[F]ailure to file an administrative claim divests this Court of subject matter jurisdiction." *Logan*, 851 F. Supp. at 707.

Samuel's failure to properly present an administrative claim to the USCIS within two years after the claim accrued compels the Court to dismiss this claim.

### C.

Finally, it appears that Samuel also attempts to allege a claim of retaliation under Title VII, when he states that "[t]he asylum office under Mrs. Marla Belvedere took retaliatory action to bar this plaintiff from doing any interpretation." Once again, the claim is well out of time. Section 2000e-5(e)(1) of the Civil Rights Act of 1964 requires that a Title VII plaintiff file a charge with the Equal Opportunity Employment Commission ("EEOC") either 180 days or 300 days "after the alleged unlawful employment practice occurred." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 105 (2002).

Here, the alleged unlawful employment practice occurred in August 2001, when Samuel claims he was barred from offering his translation and interpretation services to the Arlington Asylum Office. But Samuel never filed a claim with the EEOC, let alone did he do so within the required 180 or 300 days. Therefore, to the extent Samuel attempts to plead a claim for retaliation, the claim is dismissed.

### V.

For the foregoing reasons, Defendants' Motion to Dismiss [Paper No. 7] is **GRANTED WITH PREJUDICE**.

A separate Order will issue.

July 21, 2010

/s/
**PETER J. MESSITTE**
**UNITED STATES DISTRICT COURT JUDGE**